Youssef H. Hammoud (SBN: 321934)
**HAMMOUD LAW, P.C.**
3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: (949) 301-9692
F: (949) 301-9693
E: yh@lawhammoud.com

*Attorneys for Plaintiff,*
*Bilal Elkaissi*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL ELKAISSI,<br><br>             Plaintiff,<br><br>    v.<br><br>FOUNTAIN VALLEY REGIONAL MEDICAL CENTER; AND RMP SERVICES LLC.<br><br>             Defendants. | Case No. 8:24-cv-00143<br><br>**Plaintiff's Complaint AND DEMAND FOR JURY TRIAL**<br><br>1. FDCPA, 15 U.S.C. § 1692 *et seq.*<br>2. RFDCPA, Cal. Civ. Code. § 1788 *et seq.*<br><br>(Unlawful Debt Collection Practices) |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff Bilal Elkaissi ("Plaintiff"), by and through his attorneys, alleges the following against Defendants Fountain Valley Regional Medical Center ("FVRMC") and RMP Services LLC ("RMP").

## INTRODUCTION

1.      Counts I and II of Plaintiff's Complaint is based upon the FDCPA and RFDCPA, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

2.      The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

3.      Supplemental jurisdiction of this court arises under 28 U.S.C. § 1367 because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the US Constitution.

4.      Because Defendants conduct business within the County of Orange, State of California, personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6.      Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Plaintiff is a natural person residing in Orange, California.

9.     Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, is a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

10.     As a partnership, corporation, limited liability company, or other similar entity, Defendants are a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

11.     Defendants allege Plaintiff owed them money arising out of medical services performed upon Plaintiff by Defendants for treatment of injuries arising out of a work-place accident, without payment being required at the time of services being rendered, and Plaintiff is informed and believes the money alleged to have been owed to Defendants originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by California Civil Code § 1788.2(d) and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12.     Plaintiff allegedly owed a monetary debt to Defendant, which makes Defendants a "creditor" under California Civil Code § 1788.2(i) of the Rosenthal Act.

13.     Upon information and belief, Defendants were attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes due to medical services performed upon

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff to treat injuries arising out of a work-place accident without payment being required at the time of services and was therefore a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

14.     Because Plaintiff, a natural person allegedly obligated to pay money to Defendants arising from what Plaintiff is informed and believes was a consumer credit transaction due to medical services performed upon Plaintiff to treat injuries arising out of a work-place accident without payment being required at the time of services, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

15.     Plaintiff is informed and believes Defendants regularly collect or attempt to collect debts on behalf of themselves and are therefore both a "debt collector" within the meaning of California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

16.     Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

17.     At all relevant times herein, Defendant FVRMC was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d). Defendant can be served through its agent for service of process, 1505 Corporation

CT Corporation System, located at 330 N Brand Blvd., Suite 700 Glendale CA 91203.

18.     At all relevant times herein, Defendant RMP was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d) and as defined by 15 U.S.C. § 1692a(5). Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant can be served through its agent for service of process, Phelicia M Harvey, located at 4900 Hopyard Rd., West Lobby Suite 100 Pleasanton, CA 94588.

19.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20.     On or about May 11, 2023 Plaintiff suffered from a work-related injury.

21.     The work-related injury required emergency medical treatment and Plaintiff was rushed to Defendant FVRMC's emergency room.

22.     Upon arrival to Defendant FVRMC's emergency room, Plaintiff informed Defendant FVRMC and its staff that his injury was the result of a workplace accident.

23.     Plaintiff was asked who his employer was and where he worked, and Plaintiff provided that information to Defendant FVRMC.

24.     Moreover, Defendant FVRMC informed Plaintiff that this was a workers compensation claim.

25.     On or about May 11, 2023 Defendant FVRMC provided Plaintiff with necessary medical treatment/services related to his workplace injuries.

26.     Defendants are attempting to collect an alleged debt from Plaintiff related to his workplace injuries.

27.     Despite having knowledge that Plaintiff's injuries are the result of a workplace accident, Defendants began attempting to collect from Plaintiff directly and sent Plaintiff bills for collection for medical services for which he was not legally responsible.

28.     In or around June 2023, Plaintiff received a medical bill/statement from Defendant FVRMC.

29.     The medical bill/statement was attempting to collect the amount of $619.00, which Plaintiff is not responsible for.

30.     In or around July 2023, Plaintiff received a medical bill/statement from Defendant FVRMC.

31.     The medical bill/statement was attempting to collect the amount of $619.00, which Plaintiff is not responsible for.

32.    Further, the July 2023 statement indicated that it was Plaintiff's FINAL NOTICE.

33.    As such, the alleged debt that Defendant FVRMC attempted to collect was past due and/or in default.

34.    The medical bill/statement was attempting to collect an amount that was not permitted by law because Plaintiff was not responsible for any and all medical bills received that were related to his workplace injury.

35.    Thereafter, Defendant FVRMC placed Plaintiff's alleged debt for collection with Defendant RMP.

36.    In or around August 2023, Plaintiff received a medical bill/statement from Defendant RMP.

37.    The medical bill/statement was attempting to collect an amount of $619.00, which Plaintiff is not responsible for.

38.    In or around November 2023, Plaintiff received a medical bill/statement from Defendant RMP.

39.    The medical bill/statement was attempting to collect an amount of $619.00, which Plaintiff is not responsible for.

40.    Due to Defendants' abusive actions, Plaintiff suffered from emotional and mental pain and anguish, including but not limited to, stress, anxiety, fear, and confusion.

COMPLAINT AND DEMAND FOR JURY TRIAL

41.    Plaintiff was under the belief that all medical services he received that were related to his workplace injury were not his responsibility and would be paid for by his employer, which is what the law mandates.

42.    Plaintiff was told by his workers compensation attorney that he was not responsible for the medical service related to his workplace injury, but the repeated collection attempts caused his to doubt his attorney.

43.    Defendants had in their possession all information necessary to properly handle the correct billing for the treatment, and despite this, Defendants sent Plaintiff bills, statements and/or collection letters in an attempt to collect on a debt Plaintiff is not legally responsible for.

44.    The RFDCPA is a "state version" of the FDCPA that "mimics or incorporates by reference the FDCPA's requirements," including sections 1692d through 1692f, "and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012).

45.    The RFDCPA is a strict liability statute. *Garcia v. Creditors Specialty Serv.,* No. 14-cv-01806-BLF, 2016 U.S. Dist. LEXIS 159686, at *15 (N.D. Cal. Nov. 2016).

46.    Defendants attempted to collect a debt regarding Plaintiff's medical treatment/services stemming from a work-related injury covered by workers' compensation.

47.    Plaintiff has the interest and right to be free from collection efforts on debts Plaintiff does not owe.

48.    Plaintiff has the interest and right to be free from the fear of being sued on debts Plaintiff does not owe.

49.    Plaintiff has the interest and right to be free from the fear of being placed in collections on debts Plaintiff does not owe.

50.    Plaintiff has the interest and right to be free from deceptive and/or misleading communications from debt collectors, including Defendants.

51.    Defendants deprived Plaintiff of these rights.

52.    The alleged debts Defendants are attempting to collect cannot be lawfully collected from Plaintiff and as a result, the medical bills, statements and/or collection letters contain false, deceptive, and misleading representations.

53.    Defendants engaged in unfair and/or deceptive acts and/or unfair methods of competition by attempting to collect amounts that cannot lawfully be collected from Plaintiff.

54.    Defendants' conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

55.     Plaintiff justifiably fears that, absent this Court's intervention Defendants will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged debts and other alleged debts.

56.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

57.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff to be sued for debts Plaintiff does not owe.

58.     As a result of Defendants' conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

59.     As a result of Defendants' conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged debt.

60.     The deprivation of Plaintiff's rights will be redressed by favorable decision herein.

61.    Plaintiff is a disabled person who has a physical or mental impairment that substantially limits one or more major life activities, i.e., caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.

## COUNT I
### ALL Defendants
**(Violations of RFDCPA, Cal. Civ. Code § 1788 *et seq*.)**

62.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63.    Defendants violated the RFDCPA. Defendants' violations include, but are not limited to, the following:

a.    Defendants violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

a.    Defendants violated 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection a debt.

b. Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

c. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

d. Defendants violated 15 U.S.C. § 1692e(10), by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

e. Defendants violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

f. Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

64. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

65. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT II
### Defendant RMP
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection a debt.

    b. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

    c. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

    d. Defendant violated 15 U.S.C. § 1692e(10), by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

    e. Defendant violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

      f.   Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

68. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

69. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## **PRAYER OF RELIEF**

**WHEREFORE**, Plaintiff Bilal Elkaissi, respectfully requests judgment be entered against Defendants for the following:

    A.   Declaratory judgment that Defendants RMP violated the FDCPA;

    B.   Statutory damages against Defendants RMP of $1,000.00 pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A);

    C.   Actual damages against Defendants RMP pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1);

    D.   Costs and reasonable attorneys' fees against Defendants RMP pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3);

    E.   Declaratory judgment that Defendants violated the RFDCPA;

COMPLAINT AND DEMAND FOR JURY TRIAL

F.  Statutory damages against Defendants of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

G.  Actual damages against Defendants pursuant to Cal. Civ. Code §1788.30(a);

H.  Costs and reasonable attorneys' fees against Defendants pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

I.  Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a);

J.  Treble damages to punish or deter pursuant to Cal. Civ. Code § 3345;

K.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

L.  Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted this 22nd day of January 2024.

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**HAMMOUD LAW, P.C.**

3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: (949) 301-9692
F: (949) 301-9693
E: yh@lawhammoud.com

*Attorneys for Plaintiff,*
*Bilal Elkaissi*